UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                   Case No. 23-cr-20481

v.                               Hon. Laurie J. Michelson

D-1 AUSTIN RAY SABB VISGA,
D-2 TODD ALLEN SABB VISGA,

     Defendants.

_____/

## STIPULATION REGARDING RESTITUTION

On May 8 and May 28, 2024, respectively, Austin Ray Sabb-Visga and Todd Sabb-Visga, pleaded guilty with Rule 11 agreements to charges related to the sexual exploitation of children, in violation of 18 U.S.C. § 2252A. The Rule 11 agreements provided that the Court must order restitution to every identifiable victim of the defendants' offenses. At the time of the defendants' guilty pleas, there was no agreement or recommendation as to restitution.

On September 18, 2024, the Court sentenced each of the Sabb-Visgas to a total of 50 years in the Bureau of Prisons, but held open the issue of determining restitution.

"The Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259, was enacted for the purpose of compensating the victims of offenses involving the sexual exploitation of children." *United States v. Evers*, 669 F.3d 645, 657 (6th Cir. 2012). The statute makes restitution mandatory for such crimes and "direct[s] the defendant to pay the victim ... the full amount of the victim's losses as determined by the court." 18 U.S.C. § 2259(b)(1), (b)(4). The term "victim" is defined by the Act as an "individual harmed as a result of a commission of a [Chapter 110 offense.]" 18 U.S.C. § 2259(c).

The Act further defines "the full amount of the victim's losses" as "any costs incurred by the victim" for a variety of expenses, including psychiatric or psychological care, lost income, attorneys' fees, and "any other losses suffered by the victim as a proximate result of the offense." 18 U.S.C. §2259(b)(3)(A)(F). "An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A." 18 U.S.C. § 2259(b)(2). The Court is required to issue a restitution order. 18 U.S.C. § 2259(b)(4). Neither the economic circumstances of the defendant, nor the fact that a

victim is entitled to receive compensation from another source, allow a court to decline to issue a restitution order. 18 U.S.C. § 2259(b)(4)(B).

**IT IS AGREED AND STIPULATED** between the undersigned counsel for the government and the undersigned counsel for the defendants, with defendants' express consent, that the following individuals are victims of the defendants' convictions, as defined under 18 U.S.C. §§ 2259 and 3664, and that a restitution award will be included in defendants' amended judgments, joint and several, as follows:

- $90,000 for MV-1

- $7,500 for MV-2

Under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVVA), restitution of at least $3,000 per victim is mandatory. *See* 18 U.S.C. § 2259(b)(2). Furthermore, under the AVVA, this Court may order a special assessment of not more than $35,000 on any person convicted of trafficking in child pornography. *See* 18 U.S.C. § 2252A(a)(2). Finally, under the Justice for Victims of Trafficking Act of 2015, the Court shall assess an amount of $5,000 on any non-indigent person convicted of distribution, receipt, or possession of child pornography. *See* 18 U.S.C. § 3014(a).

The parties stipulate, after consultation with the Probation Department, that the Court need not order these other assessments.

The parties respectfully request that, as part of the defendants' amended judgments, the Court enter a restitution order consistent with this stipulation, and request that the defendants work to satisfy their restitution obligation through the Inmate Financial Responsibility Program while he is incarcerated.

**IT IS SO STIPULATED**.

| | |
|---|---|
| *s/Tara Mathena Hindelang* | *s/Mark Satawa (with consent)* |
| Tara Mathena Hindelang | Mark Satawa |
| Assistant United States Attorney | Attorney for Defendant Austin |
| 211 W. Fort Street, Suite 2001 | Sabb Visga |
| Detroit, MI 48226 | 26777 Central Park Blvd Ste 300 |
| | Southfield, MI 48076-4172 |
| | |
| *s/Doug Salzenstein* | *s/Natasha Webster (with consent)* |
| Doug Salzenstein | Natasha Webster |
| Assistant United States Attorney | Attorney for Defendant Todd |
| 211 W. Fort Street, Suite 2001 | Sabb Visga |
| Detroit, MI 48226 | Federal Community Defender |
| | 613 Abbott, 5th Floor |
| | Detroit, MI 48226 |

Date: February 24, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Case No. 23-cr-20481

v.                                                    Hon. Laurie J. Michelson

D-1 AUSTIN RAY SABB VISGA,
D-2 TODD ALLEN SABB VISGA,

    Defendants.

_____/

## ORDER GRANTING RESTITUTION

The parties having stipulated that the following individuals are victims of the defendants' convictions, as defined under 18 U.S.C. §§ 2259 and 3664, and therefore entitled to restitution, it is **ORDERED** that the following restitution awards, in the amounts agreed to by the parties, with joint and several liability for payment, be included in the Defendants' amended judgments:

- $90,000 for MV-1

- $7,500 for MV-2

It is FURTHER ORDERED that the Defendants work to satisfy their restitution obligation through the Inmate Financial Responsibility Program while they are incarcerated.

**IT IS SO ORDERED.**

s/Laurie J. Michelson
HON. LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Entered: February 25, 2025